# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JAKE YESTINGSMEIER, | ) <br> ) <br> ) |
| Plaintiff, | ) No. 4:17-CV-2427 RLW <br> ) |
| v. | ) <br> ) <br> ) |
| 801 CHOPHOUSE STL, LLC, et al., | ) <br> ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand (ECF No. 10). This matter is fully briefed and ready for disposition.

## LEGAL STANDARD

Removal statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of state court jurisdiction and remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *Manning v. Wal-Mart Stores East, Inc.*, 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004) (citing *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997)). The party seeking removal and opposing remand has the burden of establishing jurisdiction. *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator*, 561 F.3d 904, 912 (8th Cir. 2009); *City of Univ. City, Missouri v. AT & T Wireless Services, Inc.*, 229 F. Supp. 2d 927, 929 (E.D. Mo. 2002).

A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction in all civil actions between citizens of different states if the amount in

controversy exceeds $75,000.00, exclusive of interest and costs. *Manning*, 304 F.Supp.2d at 1148 (citing 28 U.S.C. § 1332(a)(1)).

## BACKGROUND

This action was originally filed in the Circuit Court of St. Louis County on or around August 14, 2017, as Cause No. 17SL-CC02940. In his Petition, Plaintiff alleges unlawful retaliation under the Missouri Human Rights Act ("MHRA") and wrongful discharge in violation of public policy. On August 17, 2017, 801 Chophouse STL, LLC was served with a copy of the Summons and Petition. On August 29, 2017 Plaintiff filed his First Amended Petition, wherein he added additional defendants: James Lynch, Kevin Lynch, and Ian Rockwell. On September 18, 2017, Defendants filed a Notice of Removal pursuant to 28 U.S.C. §1441, 28 U.S.C. §1446, and 28 U.S.C. §1332. Defendants sought removal to this Court on the ground that Defendant 801 Chophouse STL, LLC is a citizen of the State of Colorado and that the other defendants in this case are not residents of the State of Missouri. In their notice of removal, Defendants assert that 801 Chophouse STL, LLC is a citizen of the State of Colorado, and the amount in controversy exceeds $75,000. Defendants further assert that complete diversity exists and removal from state court to this Court is proper pursuant to 28 U.S.C. §§1441, 1446, and 1332.

## DISCUSSION

### I. Diversity

"For a party to remove a case to federal court based on diversity jurisdiction, the parties must be diverse both when the plaintiff initiates the action in state court and when the defendant files the notice of removal in federal court." *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013); *Reece v. Bank of New York Mellon*, 760 F.3d 771, 777 (8th Cir. 2014). The Eighth Circuit has held that, under federal law, an LLC's citizenship is that

of its members for diversity jurisdiction purposes. *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004); *Osborn & Barr Commc'ns, Inc. v. EMC Corp.*, No. 4:08-CV-87 CAS, 2008 WL 341664, at *1 (E.D. Mo. Feb. 5, 2008) ("For limited liability companies, the Court must examine the citizenship of each member of the limited liability company for purposes of diversity jurisdiction.").

In their Notice of Removal, Defendants allege that 801 Chophouse STL, LLC's citizenship is based on the citizenship of its member 801 Restaurant Group LLC. 801 Restaurant Group LLC's citizenship is based on the citizenship of its members: James P. Lynch, Jr. and James P. Lynch III, who are Colorado residents. *See* Notice of Removal, ECF No. 1. Christopher Harris, the Chief Financial Officer of 801 Chophouse, STL, LLC, attests that James P. Lynch Jr. and James P. Lynch III both "reside" in Colorado. Notably, Harris never opines as to the residency or citizenship of Rockwell or the citizenship of James P. Lynch, Jr. and James P. Lynch III. (ECF No. 1-3, *passim*).

In the Motion for Remand, Plaintiff Jake Yestingsmeier ("Yestingsmeier") maintains that there is not complete diversity. Yestingsmeier notes that Defendants' Notice of Removal does not address the citizenship of Ian Rockwell, who Yestingsmeier asserts is a citizen of the State of Missouri. (ECF No. 10, ¶12). In addition, Yestingsmeier asserts that the Declaration of Chris Harris, which accompanies Defendants' Notice of Removal, only states that James P. Lynch, Jr. and James P. Lynch III are residents of Colorado. Harris's affidavit does not state their citizenship. (ECF No. 10, ¶11). Thus, Yestingsmeier maintains that complete diversity does not exist because Defendants have failed to establish the citizenship of James P. Lynch, Jr., James P. Lynch III, and Ian Rockwell. *See Reece*, 760 F.3d at 777 (the Eighth Circuit has held that "it is

simply incorrect to say ... residency establishes ... citizenship for the purpose of diversity jurisdiction.").[1]

Here, the Amended Petition, filed in state court, alleged that Defendant 801 Chophouse, LLC is a Missouri corporation doing business in St. Louis County. (ECF No. 4, ¶2). It alleges that Defendants James Lynch and Kevin Lynch list their address as Leawood, Kansas in the 801 Chophouse's fictitious registration with the Missouri Secretary of State. (ECF No. 4, ¶3). The Amended Petition states that Ian Rockwell was employed "by one or more of the 801 Chophouse restaurants as Director of Beverage & Services and had authority over 801 Chophouse STL, LLC and over Plaintiff's employment." (ECF No. 4, ¶6).[2] The Amended Petition, filed in State Court, does not allege the citizenship of members of Defendant 801 Chophouse STL, LLC. Because of the omission of the citizenship of the members of 801 Chophouse STL, LLC, the complaint does not adequately establish the existence of diversity jurisdiction. *Osborn & Barr Commc'ns, Inc. v. EMC Corp.*, No. 4:08-CV-87 CAS, 2008 WL 341664, at *1 (E.D. Mo. Feb. 5, 2008). The record is unclear regarding the citizenship of the members of 801 Restaurant Group, LLC, which is owned by 801 Chophouse STL, LLC, or of Ian Rockwell, who is also named in the Amended Complaint. In fact, neither party has provided an affidavit or other sworn evidence regarding the citizenship of Rockwell. Therefore, the Court resolves any doubts about federal jurisdiction in favor of remand. *See Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir.

---

[1] However, sometimes an allegation of residency can be enough where the allegation of residency is not at odds with a citizenship claim. As the Eighth Circuit noted, "[b]ecause 'reside' is unambiguous, the notice of removal sufficiently pleads Reece's citizenship at the time of removal by alleging "the State of Arkansas [is] where the plaintiff *resides.*" *Reece*, 760 F.3d at 778 (emphasis in original).

[2] Yestingsmeier stated in a footnote that he would "be filing for Leave to File a Second Amended Petition to allege that Ian Rockwell is a citizen of the State of Missouri" (ECF No. 10, ¶12, n.2), but it does not appear that such a filing ever occurred.

2011) (quoting *Junk v. Terminix Int'l Co.,* 628 F.3d 439, 446 (8th Cir. 2010)("'All doubts about federal jurisdiction should be resolved in favor of remand to state court.'").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 10) is **GRANTED**. This matter shall be remanded to the Twenty-First Circuit of Missouri in County of St. Louis, Missouri for further proceedings. An order of remand accompanies this Order.

An appropriate Order of Remand is filed herewith.

Dated this 20th day of June, 2018.

                                                      **RONNIE L. WHITE**
                                                      **UNITED STATES DISTRICT JUDGE**